IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMEN A. MILLER | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0124 (JR) |
| UNITED STATES OF AMERICA | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS**

Defendant, United States of America, substituted for Larry F. Ross,[1] respectfully moves, pursuant to Fed. R. Civ. P. 12(b) (1), to dismiss the Complaint because Plaintiff has failed to exhaust his administrative remedies as required to go forward with a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"). In support of this Motion, Defendant refers the Court to the accompanying Memorandum of Points and Authorities and Declaration of William Haubert. A proposed Order consistent with this Motion also is attached.

---

[1] Plaintiff initiated this action by filing a Complaint in the Superior Court of the District of Columbia on December 29, 2006, naming Larry F. Ross, Director of Equal Employment Opportunity, United States Department of Education. By operation of statute, Mr. Ross is deemed to be an employee of the United States of America for purposes of liability under the Federal Tort Claims Act. Accordingly, on January 18, 2007, pursuant to U.S.C. §§ 1441, 1442 (a) (1) and 1446, the United States removed the case from Superior Court. The United States was subsequently substituted as the sole defendant.

        Respectfully submitted,


        \_\_/s/_____
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        Assistant United States Attorney


        \_/s/_____
        RUDOLPH CONTRERAS, D.C. Bar # 434122
        Assistant United States Attorney

        \_\_/s/_____
        WYNEVA JOHNSON, DC Bar #278515
        Assistant United States Attorney
        555 4th Street, N.W., E-4106
        Washington, D.C. 20530


Of Counsel

Antonio White
Attorney, United States Department of Education

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BENJAMEN A. MILLER | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 07-0124 (JR) |
| UNITED STATES OF AMERICA | ) | |
| Defendant. | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiff, an employee of the United States Department of Education, initiated this action by filing a Complaint in the Superior Court of the District of Columbia on December 29, 2006, naming Larry F. Ross as defendant. Mr. Ross is an employee of the United States Department of Education and serves as Director of Equal Employment Opportunity.

Plaintiff alleged that Mr. Ross made a statement in a meeting to third persons that "if he [Mr. Ross] wasn't a minister, he [Mr. Ross] would kick Ben Miller's a - - ." The statement was allegedly made sometime between October 12 and 16, 2006. Plaintiff was not present at the meeting. Plaintiff asserted that he was seeking protection against physical attack or assault by Mr. Ross.

The exclusive remedy for an alleged negligent or wrongful act or omission of any employee of the government while acting within the scope of federal employment is an action against the United States under the Federal Tort Claims Act. See 28 U.S.C. § 2679 (d); United States v. Smith, 499 U.S.C. 160, 163 (1991). Mr. Ross is deemed to be an employee of the

United States for purposes of liability under the Federal Tort Claims Act (FTCA). Accordingly, on January 18, 2007, pursuant to 28 U.S.C. §§1441, 1442 (a) (1) and 1446, the United States removed the case from Superior Court. The United States was subsequently substituted for Mr. Ross as the sole defendant.

The Federal Tort Claims Act requires that Plaintiff initially file an administrative claim with the agency prior to suit in the District Court. As the Declaration of William H. Haubert, II sets forth, Plaintiff has filed no administrative claim under the Federal Tort Claims Act with the United States Department of Education.[1] Accordingly, Plaintiff has not exhausted his administrative remedies as required to go forward with a Federal Tort Claims Act claim against the United States and Plaintiff's claim must be dismissed. [2]

## Argument

Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of statutory waiver of such immunity. United States v. Nordic Village, Inc., 503 U.S. 30, 32-34 (1990)("[w]aivers of the Government's sovereign immunity, to be effective, must

---

[1] Defendant submits the Declaration of William H. Haubert, II in support of this Memorandum for the limited purpose of allowing the Court to determine whether it has jurisdiction to consider Plaintiff's claims. It is well-established that when a defendant challenges the substance of the jurisdictional allegations it may use extraneous evidence to test those allegations without converting the motion into a summary judgment motion. See Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D. D.C. 1995); see also Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

[2] Plaintiff has advised counsel that he does not plan to spend any more time on this case and that he will not respond in writing to any of Defendant's pleadings. Plaintiff also advised counsel that he would only appear for a "hearing". Defendant requests that the Court dismiss this case with prejudice if Plaintiff fails ro respond to Defendant's Motion to Dismiss.

be 'unequivocally expressed'") (quoting <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 95 (1990)); <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980); <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976). A waiver of sovereign immunity must be clear and unequivocal and must be strictly construed in favor of the sovereign. <u>Ardestani v. INS</u>, 502 U.S. 129, 137 (1991) (citing <u>Library of Congress v. Shaw</u>, 478 U.S. 310, 318 (1986) and <u>Ruckelshaus v. Sierra Club</u>, 463 U.S. 680, 685 (1986)); <u>see</u> <u>also</u> <u>Department of the Army v. FLRA</u>, 56 F.3d 273, 277 (D.C. Cir. 1995) ("the statutory waiver provision must unambiguously establish that it extends to the award of money damages"), <u>rehearing denied</u>; <u>Haase v. Sessions</u>, 893 F.2d 370, 373 (D.C. Cir. 1990) ("waivers of sovereign immunity, the Supreme Court has repeatedly reminded us, must be narrowly construed"). The construction of the statute favoring the sovereign must be followed as long as it is "plausible." <u>Nordic Village</u>, 503 U.S. at 37.

Because the United States has not waived its sovereign immunity in a situation where a plaintiff has failed to comply exactly with the provisions governing administrative tort claims, this suit must be dismissed. Plaintiff's failure to properly adhere to the FTCA's administrative claim is fatal.

The FTCA defines the terms upon which the United States may be sued and "absent <u>full compliance</u> with the conditions ... placed upon its waiver, courts <u>lack jurisdiction</u> to entertain tort claims against it." <u>GAF Corp. v. United States</u>, 818 F. 2d 901, 904 (D.C. Cir. 1987) (emphasis added). 28 U.S.C. § 2675(a) reads as follows:

> An action <u>shall not</u> be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death ... unless the claimant shall have <u>first</u> presented the claim to the appropriate Federal agency and <u>his claim shall have been finally denied</u> by the agency in writing.

3

(emphasis added).³  This command is "unambiguous" and courts are "not free to rewrite the statutory text" of the FTCA.  McNeil v. United States, 508 U.S. 106, 111 (1993).  "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process . . . The interest in orderly administration of [FTCA] ... litigation is best served by adherence to the straightforward statutory command."  Id. at 112.  As our Circuit has explained: "[t]he FTCA's mandatory administrative filing requirement is not to be confused with the prudential, judge-made exhaustion doctrine. . . the jurisdictional FTCA filing requirement is not subject to equitable waiver."  Hohri, 782 F.2d at 245; see also United States v. Kubrick, 444 U.S. 111, 113, 117-18 (1979) (discussing presentment requirement of 28 U.S.C. § 2401(b)); Simpkins v. District of Columbia, 108 F.3d 366, 371 (D.C. Cir. 1997) (district court has no jurisdiction to consider the merits of an FTCA suit once it determines that plaintiff has failed to file an administrative claim); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980) (Section 2401(b) requires both timely presentment of an administrative claim and timely filing of a complaint after the agency's final denial of the administrative claim); Schneider v. Kissinger, 310 F.Supp.2d 251, 269-70 (D.D.C. 2004) (dismissing FTCA claims because plaintiffs had not "complete[d] the administrative process before coming to court").

    Plaintiff filed this lawsuit <u>prior to</u> presenting an administrative claim to the United States Department of Education.  This is in direct conflict with the explicit requirements of the FTCA that a lawsuit "<u>shall not</u> be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death ... unless the claimant shall have <u>first</u>

---

[3] All administrative claims must be presented to the agency within two years of the time the claim "accrues."  28 U.S.C. § 2401(b); see also Hohri v. United States, 782 F.2d 227, 246 n.48 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987).

presented the claim to the appropriate Federal agency and <u>his claim shall have been finally denied</u> by the agency in writing." 28 U.S.C. § 2675(a). Here, as Plaintiff filed this suit before presenting an administrative claim to the United States Department of Education, this Court must conclude that Plaintiff has failed to follow the administrative claim prerequisites of the FTCA. Accordingly, this Court is without jurisdiction over this lawsuit and the Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed.

Respectfully submitted,
\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
 United States Attorney


 /s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

\_\_/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W., E-4106
Washington, D.C. 20530


Of Counsel:

Antonier White
Attorney
United States Department of Education

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing has been mailed, by certified mail, this 16th day of March, 2007 to:

        Benjamen A. Miller
        12321 Palermo Drive
        Silver Spring, Maryland 20904

        /s/
        Wyneva Johnson
        Assistant United States Attorney
        555 4th Street, N.W, Room E4106
        Washington, D.C.  20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BENJAMEN A. MILLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 07-0124 (JR) |

DECLARATION OF WILLIAM H. HAUBERT, II

I, William H. Haubert, II, declare as follows, pursuant to 28 U.S.C. § 1746:

1. I am employed as Assistant General Counsel, Division of Business and Administrative Law, United States Department of Education (Department). I have served in this position continuously, in either an acting or a permanent capacity, since September, 1988.

2. As Assistant General Counsel for Business and Administrative Law, I also serve as Department Claims Officer, under authority set forth at 34 C.F.R. Part 35. As Department Claims Officer, I am responsible for investigating claims filed against the Department under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, and for issuing administrative determinations on such claims. I am also custodian of the Department's records relating to FTCA claims filed against the Department.

3. I certify that I have directed my staff to conduct a careful search of the Department's FTCA claim files, and that such review located no record of any FTCA claim filed by Benjamen A. Miller, the plaintiff in the above-captioned action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Washington, D.C., this 14th day of March, 2007.

_____
William H. Haubert, II

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMEN A. MILLER )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Defendant. )<br>)<br>) | Civil Action No. 07-0124 (JR) |

**ORDER**

UPON CONSIDERATION of the Defendant's Motion to Dismiss and any Opposition thereto, it is this _____ day of _____ 2007.

ORDERED that the defendant's Motion should be, and it hereby is, granted; it is,

FURTHER ORDERED that this matter be and hereby is dismissed.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

WYNEVA JOHNSON
Assistant United States Attorney
555 4th Street, N.W., E-4106
Washington, D.C. 20530

BENJAMIN A. MILLER
12321 Palermo Drive
Silver Spring, Maryland 20904